**UNITED STATES of America, Appellee,**

v.

**Eleuterio CORTIJO–DIAZ,
Defendant, Appellant.**

**No. 87–1513.**

United States Court of Appeals,
First Circuit.

Heard Jan. 13, 1989.

Decided May 23, 1989.

Charles W. Rankin, by Appointment of the Court, with whom Rankin & Sultan was on brief for defendant, appellant.

Juan A. Pedrosa, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., and Luis A. Plaza, Asst. U.S. Atty., Criminal Div., were on brief for the U.S.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Once more we have before us allegations of abuses committed under the aegis of Federal Rule of Evidence 404(b). It is unfortunate that our prior warnings to the government in this respect have not been heeded. *See United States v. Flores–Pérez*, 849 F.2d 1, 8 (1st Cir.1988). The principal issue presented by this appeal is whether the district court erred in admitting into evidence the record of defendant's conviction for attempted robbery, in his prosecution for allegedly assaulting of a member of an airline flight crew during the course of the performance of her duties. We rule that it was error to do so and

vacate the conviction.[1]

### The Facts

Defendant was indicted and charged with violating 49 U.S.C.App. § 1472(j) [2] for allegedly assaulting, intimidating or interfering with a flight attendant who was performing her duties as a crew member of American Airlines Flight No. 697 from New York City to San Juan, Puerto Rico on November 30, 1986.

During the trial the government's only witness was the flight attendant in question. She testified about the incident in which she was allegedly assaulted by defendant while he was in a drunken brawl with a fellow passenger whom he claimed had stolen money from him.

Following this testimony the government requested a bench conference, at which time it offered in evidence as its only exhibit a certificate of conviction from the State of New York to the effect that defendant was convicted of "an Attempt to Commit the Crime of Robbery in the Second Degree." For this conviction he had been sentenced on July 5, 1983 to an indeterminate period of imprisonment for a maximum term of six years and a minimum of three years, "as a Predicate Violent Felon." The government informed the court that it wished to introduce this document because "[t]he defendant was declared a violent felon. Being in [sic] the instant case, a crime of violence, we would like to offer it as 404(b) material." The defense objected on various grounds, the only relevant one of which was its contention that the prejudice from admission of this document would outweigh any probative value which the jury could properly place on the document.

Before ruling, the court asked defense counsel to state the theory of defense that would be presented to the jury, to which counsel responded that he would claim that the defendant did not intend to interfere with the flight attendant. Thereupon the district judge stated:

> I believe that the Rule 404(b) material should be admitted in evidence, inasmuch as the same is relevant to an issue, in this case, specifically to an issue of motive, opportunity, intent; *obviously, propensity to this type of incident.*

Tr. 56 (emphasis supplied).

Defense counsel again objected, pointing out that the jury could believe that this was evidence directed at proving that while on the airplane, defendant was acting "in conformity" with his prior conduct, which was character evidence prohibited by Rule 404(b). Other objections not relevant to the present issue were also made and rejected by the district judge who, in admitting the record of conviction, instructed the jury that the purpose of this evidence was not to prove the character of the defendant or that he acted in conformity with his character: "The purpose is that it is simply received as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tr. 59.

The government rested its case. The defense also rested, but thereafter, as the prosecution was about to begin closing argument, defendant requested permission to reopen the case and testify, and the court allowed him to do so.

Among other things, the defendant testified on direct examination about his fight with a passenger named Rodríguez, claiming that the latter allegedly took money belonging to him. He further stated that he did not have any intention of interfering with, intimidating or assaulting the flight attendant.

---

1. Because of our disposition of this issue it is unnecessary to decide appellant's other claims of error.

2. 49 U.S.C.App. § 1472(j) states:
   Whoever, while aboard an aircraft within the special aircraft jurisdiction of the United States, assaults, intimidates, or threatens any flight crew member or flight attendant (including any steward or stewardess) of such aircraft, so as to interfere with the performance by such member or attendant of his duties or lessen the ability of such member or attendant to perform his duties, shall be fined not more than $10,000 or imprisoned not more than twenty years, or both. Whoever in the commission of any such act uses a deadly or dangerous weapon shall be imprisoned for any term of years or for life.

The government's cross-examination concentrated almost exclusively on defendant's prior brushes with the law, including his arrest record and the time spent by him in prison in 1979 and 1983. Tr. 64–65. This was a theme continued during closing argument, when the government referred to the defendant as a "criminal" and as "an abusive man, as his record shows." Tr. 70.

During deliberations, because of questions asked by the jury, the court repeated most of its instructions and told the jury that the prior record could not be taken into account in determining defendant's character but could be used to determine "whether there was an *inclination to*, motive, opportunity, intent, [preparation], plan, knowledge, absence of mistake or accident, of what happened, indirectly." Tr. 93 (emphasis added). The district judge indicated that the purpose of that evidence was to "show *similar acts* which could tend to prove whether there was a *pattern of conduct*, so to say, aside from character." (Emphasis added). Tr. 96.

The jury returned a guilty verdict and thereafter the court sentenced defendant to the maximum term allowed by law, twenty years of imprisonment.

### Discussion

Federal Rule of Evidence 404(b) states: *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Although it seems unnecessary to restate the rule's plain language, experience shows that we cannot over-emphasize the central principle for which this rule stands, which is a negative one: evidence of other acts is *not admissible* to prove propensity to engage in criminal activity. *United States v. Lynn*, 856 F.2d 430, 436 (1st Cir.1988); *Lataille v. Ponte*, 754 F.2d 33, 35–36 (1st Cir.1985). This rule is, of course, simply a legislative enactment of long-established

notions of fair play and due process, which forbid judging a person on the basis of innuendos arising from conduct which is irrelevant to the charges for which he or she is presently standing trial, *i.e.*, against finding present guilt based on a "bad character profile." The general rule is thus *against* admissibility of "other act" evidence.

We then come to the exception to this general rule. The exception allows the introduction into evidence of proof of bad acts by the defendant, *if such evidence is presented for other purposes than to prove bad character*, "such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed.R.Evid. 404(b), *supra*.

In determining the admissibility of "other acts" evidence we recently stated in *United States v. Fields*, 871 F.2d 188 (1st Cir.1989),

This circuit has articulated a two prong analysis for determining whether evidence of other acts is admissible. The trial court must first determine that the proffered evidence has a "special" relevance and is offered to establish a material issue. Once the court has determined that a proper basis for admission exists, it must balance the probative value of the evidence against the possibility of unfair prejudice to the defendant.

At 196 (citations omitted). The "other acts" evidence here fails both of these tests.

"The crux of the Rule 404(b) probativeness analysis is the 'special' relevance *to something other* than propensity to engage in criminal activity." *Id.* (emphasis supplied); *Lynn*, 856 F.2d at 436. In the present case, the evidence of the prior conviction for attempted robbery has *no* relevance to the charges *except*, as the district court candidly stated, to establish a "propensity to this type of incident." It is true that the trial court gave the jury a limiting instruction with respect to this evidence. But this instruction, which consisted of a laundry-list of permitted uses contained in the rule, was simply incapable of limiting

the damage caused by this evidence. Instructions such as those given by the trial court have been severely criticized by most commentators because this rote restatement of the rule is undecipherable to lay juries. *See* 22 C. Wright & K. Graham, *Federal Practice and Procedure* § 5240 at 479 (the practice is "especially deplorable.").

As appellant correctly points out in his brief, without further explanation by the trial judge, "the instruction must have left the jury wondering how the [criminal record] could have a bearing on" the various items of Rule 404(b). *See* Appellant's Brief at 23. What did the attempted robbery conviction have to do with proof of motive in *this* case? Was any question raised here as to opportunity? Preparation? Plan? Knowledge? Or identity? Although an issue of lack of intent to assault the flight attendant was raised, affirmative intent to commit an assault, or lack of mistake or accident cannot be established by proof of attempted robbery because there is no causal or logical connection between attempting to commit robbery, and physically assaulting someone else in a separate incident three years after the attempted robbery. *See United States v. San Martin*, 505 F.2d 918 (8th Cir.1976); *United States v. Jaguar*, 485 F.2d 193 (5th Cir.1973). The only connection that could be made between such separate incidents would be the impermissible one that one who attempts to rob is more likely to commit an assault because both acts are violent in nature and require a perpetrator who has a violent character, *i.e.*, that the defendant has a "propensity to this type of incident." *Lynn, supra; Lataille, supra.*

The supplemental instructions made matters worse because they instructed the jury that the admitted record was "evidence of a *similar crime*," which of course, it is not. Attempted robbery and assault and battery are, under any definition, not similar crimes. The court then told the jury that

the evidence was admitted so the jury could determine whether defendant was *inclined to do what was alleged, i.e.*, whether he was predisposed to violence. Lastly, the government's argument that defendant was a "criminal" and "an abusive man, as the record shows," together with the court's "pattern of conduct" instruction, could well have led the jury to conclude that evidence of defendant's "flawed character," by reason of his propensity for violent conduct, required a finding of guilt. Unfortunately this kind of conclusion is exactly what is prohibited by Rule 404(b). *See United States v. Flores Pérez*, 849 F.2d 1 (1st Cir.1988).

This evidence was highly prejudicial, and the record shows that it may very well have tipped the scale against defendant. *Id.* In effect, the trial was a stand off between the testimony of the flight attendant and that of defendant claiming a lack of intent to assault her. From the nature of the questions asked of the court by the jury during deliberations, it is clear that it was, at least initially, divided about defendant's guilt or innocence.[3]

The admission of an unexplained criminal record branding appellant a violent felon, when taken together with the other incidents previously described was unequivocally an error, and not a harmless one, which requires reversal of appellant's conviction and the holding of a new trial.

*The conviction is vacated and a new trial is ordered.*

---

**3.** One of the jury's questions was whether it was possible for them to fail to reach a verdict since some jurors felt there was not sufficient evidence of guilt.