2001 SD 47

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**David GONZALEZ, Defendant and Appellant.**

**No. 21469.**

Supreme Court of South Dakota.

Argued Oct. 25, 2000.

Decided April 18, 2001.

Mark Barnett, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, SD, Attorneys for plaintiff and appellee.

Larry M. Von Wald of Truhe, Beardsley, Jensen, Helmers & Von Wald, Rapid City, SD, Attorneys for defendant and appellant.

AMUNDSON, Justice.

[¶ 1.] David Gonzalez appeals his conviction of two counts of attempted statutory rape. We reverse.

## FACTS

[¶ 2.] In 1998, B.H., who was approximately twenty-one years old at the time of trial, filed a criminal complaint against David Gonzalez involving incidents she alleged to have occurred in 1993. At the

time of the alleged assaults, she worked as a hostess and bus person at a restaurant named The Sluice. The owner/manager of the restaurant was David Gonzalez.

[¶ 3.] B.H. testified that while working at the restaurant one night in September of 1993, Gonzalez asked her to come to his office to talk to him about something. According to B.H., she obliged and went down the staircase to the basement office. Once inside, Gonzalez turned off the lights and physically directed B.H. to a certain physical position. He partially undressed B.H. and attempted to penetrate B.H. with his penis. B.H. immediately jumped from her position and ran out of the office. She finished this shift at the restaurant, but did not report this incident to anyone, including the authorities.

[¶ 4.] B.H. also testified at trial that approximately three days after this first incident, she was again asked to speak to Gonzalez in private. This time, she followed him to an upstairs office. Once again, Gonzalez shut the door and turned off the light. This time he physically led B.H. to a closet where he partially undressed her and again tried to penetrate her with his penis. He was unable to penetrate B.H. because she moved in a fashion that thwarted his efforts. B.H. left work without knowing whether she completed her shift.

[¶ 5.] Following a two-day trial in December of 1999, Gonzalez was convicted of two counts of attempted statutory rape and acquitted of two counts forcible rape. Gonzalez appeals raising the following issues:

1) Whether the trial court erred in failing to grant defendant a new trial based upon newly discovered evidence and upon the failure of the prosecution to disclose the counseling records of the complaining witness.

2) Whether defendant may be convicted of attempted statutory rape upon the uncorroborated testimony of the complaining witness.

## STANDARD OF REVIEW

[¶ 6.] Trial courts possess wide discretion to remedy injustice by granting a new trial. *Simmons v. City of Sioux Falls*, 374 N.W.2d 631, 632 (S.D.1985). We review such decisions under an abuse of discretion standard. *Berry v. Risdall*, 1998 SD 18, ¶ 9, 576 N.W.2d 1, 4.

Although the abuse of discretion standard governs regardless of the grounds for which the new trial is requested, new trials granted because a jury verdict is against the weight of the evidence must be distinguished from new trials ordered for other reasons: for example, improperly introduced evidence, other extraneous improper disclosures to the jury such as prejudicial statements by counsel, an improper charge to the jury, or newly discovered evidence.

*Wangen v. Knudson*, 428 N.W.2d 242, 244 (1988) (citing *Lind v. Schenley Industries, Inc.*, 278 F.2d 79 (3d Cir.1960)).

[¶ 7.] Our standard of review of a denial of a motion for judgment of acquittal is whether the State set forth sufficient evidence from which the jury could reasonably find the defendant guilty of the crime charged. *State v. Abdo*, 518 N.W.2d 223, 227 (S.D.1994); *State v. Gallipo*, 460 N.W.2d 739, 742 (S.D.1990). In determining the sufficiency of the evidence to constitute a crime, the question is "whether there is sufficient evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt; in making this determination, the court will accept the evidence, and the most favorable inference fairly drawn therefrom, which will support the verdict." *State v. Heftel*, 513 N.W.2d 397, 399 (S.D. 1994) (citations omitted).

## DECISION

### ISSUE I

[¶ 8.] **Whether the trial court erred in failing to grant defendant a new trial based upon newly discovered evidence**

and upon the failure of the prosecution to disclose the counseling records of the complaining witness.

■ [¶ 9.] On August 31, 1999, Gonzalez filed a Motion to Produce Counseling Records. On September 29, 1999, approximately three months prior to trial, the trial court granted Gonzalez' motion to produce B.H.'s counseling records. Throughout the proceedings the State's Attorney insisted that counseling records did not exist. After Gonzalez was found guilty, Gonzalez filed, on February 3, 2000, another motion to compel the State to produce counseling records. Again, on February 14, 2000, the trial court granted the motion and ordered the State to produce B.H.'s counseling records. After confusion and miscommunication on the part of the State and its witness, the records were eventually turned over to Gonzalez. Thus, the "newly discovered evidence" in this case are the counselor's notes which were never delivered to the defense until after the trial.

[¶ 10.] In *Brady v. Maryland*, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963). In United States v. Bagley, the Supreme Court revisited the issue and held that favorable evidence is material, and constitutional error results from its suppression by the government, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494 (1985). *See also Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490, 505 (1995).

[¶ 11.] We have stated that the failure to disclose evidence demands a new trial if four questions can be answered in the affirmative. In *Black v. Class*, 1997 SD 22 ¶ 16, 560 N.W.2d 544, 548, we established that a new trial must be granted if these questions can be answered affirmatively: (1) was the defense unaware of the evidence, (2) is the evidence favorable to the accused, (3) is the evidence material to the defense, (4) did the defense make a request for the evidence. Both parties agree that the first prong has been met, thus we will examine the three remaining prongs.

[¶ 12.] The second prong of whether the evidence is favorable to the defendant has also been met. This is especially true when the only evidence against the defendant is the word of the alleged victim, and the new evidence gives a different version than that given at trial. At trial, B.H. testified that she had not been raped; that she was physically able to counter Gonzalez' advances; and that there were two encounters between she and Gonzalez. According to the counseling notes, B.H. told Ms. Wales that she, in fact, had been raped; that she was unable to neutralize Gonzalez physically; and that it had occurred only once. With these inconsistencies, the function of weighing the credibility of the words spoken in a counseling session against those spoken at trial should be left to the jury. *State v. Christensen*, 1998 SD 75, ¶ 37, 582 N.W.2d 675, 682 (citing *State v. Ristau*, 290 N.W.2d 487, 490 (S.D.1980)). The importance of the counselor's notes will not be known unless a jury is able to hear B.H.'s explanation for the inconsistencies. If the defense was able to impeach B.H. with this evidence coupled with its substantive value, there is a possibility that the jury could return a verdict of not guilty. At the very least, we can say that the evidence is favorable to Gonzalez and it raises a reasonable probability that the outcome would be different. *Bagley, supra,* at 682, 105 S.Ct. 3375; *Kyles, supra,* at 1565.

■ [¶ 13.] The third prong of "materiality" of the evidence is established in

this case. The counselor's notes portend to give a different version of the incidents than that given at trial. "[W]here there are no other direct witnesses to allegations of sexual [assault], the credibility of the complaining witness and the defendant is a key determination." *State v. Letcher,* 1996 SD 88, ¶ 35, 552 N.W.2d 402, 408. The reliability of her statements is the cornerstone of this prosecution. The notes withheld by her counselor are not only relevant to B.H.'s credibility, but also relevant to what happened. To reiterate, B.H. testified that she was able to thwart Gonzalez' attempts, and that she escaped with relative ease. The notes reveal, among other things, that she told her counselor that she was unable to escape and that she in fact had been raped. The notes also imply that there was only one incident, rather than the two as told at trial. Thus, the counselor's notes are material as to the exact conduct which supports the charges.

[¶ 14.] The fourth prong is also satisfied. Again, it is worth noting that on August 31, 1999, Gonzalez served and filed a Motion to Produce Counseling Records. The motion sought the State to produce counseling records generated by Cherly Wales, B.H.'s counselor. Two months later, the motion was granted. Lawrence County State's Attorney informed defense counsel that the B.H. counseling records did not exist. After Gonzalez' conviction, defense counsel renewed its motion for counseling notes for the purpose to rebut the State's characterization of B.H.'s mental trauma stemming from the rapes at sentencing. Again the State's Attorney insisted that "there's not a piece of paper" relating to Cheryl Wales' contact with B.H. Only upon a second order by the trial court, and that order being sent by the defense directly to Ms. Wales, did the defense receive the records. The defense did all it could under the rules of evidence to procure the counseling records; thus, due diligence was exercised by the defense.

[¶ 15.] The State's Attorney's failure to obey a direct order of the court and deliver relevant discovery material to Gonzalez prior to trial constituted a violation of Gonzalez' due process rights under the *Brady* rule and deprived Gonzalez of a fair trial. The State argues there was miscommunication between the State and Ms. Wales regarding whether the State asked for "case notes" instead of all records. The excuse of miscommunication with the counselor proffered by the State's Attorney is tenuous at best. The court order demanded that all counseling records be supplied to the defense, and made no distinction among the varying notes and records. It is irrelevant whether the State knew or did not know of the existence of the counseling records. It was the sole obligation of the State, in accordance with the court order, to produce such records.

[¶ 16.] It is important to note that Ms. Wales was listed as a State's witness and was subpoenaed for trial. Although she was never called as a witness, the State communicated with her prior to trial and listed her as a potential witness. The record does not adequately explain why the State failed to provide the requested records. Regardless of its excuse, the State was ordered to supply the defense with the appropriate records, which it failed to do. It took two court orders to procure the counseling records. As we have said before, a defendant is not afforded a perfect trial, however, he is afforded a fair one. *Davi v. Class,* 2000 SD 30, ¶ 51, 609 N.W.2d 107, 118. Because Gonzalez met the four-prong test of *Black,* he is entitled to a new trial.

## ISSUE II

[¶ 17.] **Whether defendant may be convicted of attempted statutory rape upon the uncorroborated testimony of the complaining witness.**

[¶ 18.] SDCL 23A–22–15.1 and our decision in *State v. Ree,* 331 N.W.2d 557 (S.D.1983) make it clear that corrobo-

ration is not required in sex crimes.* Whether a complainant's testimony is improbable or impeached is a determination best reserved for the jury. It is not the role of the court to become a 13th juror. To the extent that *State v. Grey Owl*, 316 N.W.2d 801 (S.D.1982) is inconsistent with SDCL 23A–22–15.1 and the *Ree* decision, we overrule that portion of the opinion.

[¶ 19.] For the foregoing reasons the trial court is reversed and remanded for new trial.

[¶ 20.] MILLER, Chief Justice, and SABERS, KONENKAMP, and GILBERTSON, Justices, concur.

---

* *State v. Ree* was a sexual contact case where this Court specifically stated:

[T]he 1975 enactment of the South Dakota Legislature repealing and reenacting SDCL 22–22–12 was intended to modernize the rape statute to place the act in a proper perspective and to try the actor for the crime, not the victim. Again we see no reason to vary the treatment of the complaining witness in a sex contact case.... Thus, to apply a stricter test of credibility to the victim than to other witnesses in a trial is clearly against the modern trend which the legislature has set.

331 N.W.2d at 561 (internal citations omitted).