2001 SD 116

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Daron R. BUNGER, Defendant and Appellee.**

**No. 21650.**

Supreme Court of South Dakota.

Considered on Briefs May 29, 2001.

Decided Aug. 29, 2001.

Scott A. Abdallah, Lincoln County State's Attorney, Thomas R. Wollman,

Deputy State's Attorney, Canton, SD, Attorneys for plaintiff and appellant.

William Golden, Sioux Falls, SD, Attorney for defendant and appellee.

KONENKAMP, Justice.

[¶ 1.] The defendant is awaiting trial on multiple charges of sexual contact with children. A brassiere belonging to one of the alleged victims was seized from the defendant's bedroom. On the defendant's motion, the circuit court suppressed this evidence, finding it both irrelevant and prejudicial. We granted the State's request for intermediate appeal and now reverse the suppression order. We conclude that this evidence is relevant to the defendant's purported sexual contact with the child, and its probative value is not substantially outweighed by the danger of unfair prejudice.

**Background**

[¶ 2.] Daron Bunger, the defendant, stands accused of fondling seven different girls between the ages of 8 and 13, from approximately January 1, 1998 until his arrest in March 2000. He was charged by indictment with seven counts of sexual contact with a child under the age of 16, in violation of SDCL 22–22–7.2.

[¶ 3.] Count 6 involves 13–year–old "Jane Doe VI," who lives in Bunger's apartment building. He is accused of fondling her breasts and genitalia. Before Bunger's arrest, police searched his apartment with a search warrant. They seized an adolescent's bra belonging to Jane Doe VI that they found intertwined with a man's shirt in Bunger's bedroom. Bunger admitted to investigators that he specifically asked Jane Doe VI if he could have her bra. He told officers that he intended to give the bra to Goodwill. The child later corroborated that Bunger told her that he wanted her bra because he needed something to take to Goodwill.

[¶ 4.] The State provided to Bunger a list of items it intended to offer in evidence at trial. Jane Doe VI's bra was among the listed items. Bunger moved to suppress evidence of the bra and testimony about it, arguing relevancy and prejudice and improper use of character evidence. The State responded that it wished to use the bra and testimony concerning it to corroborate victim Jane Doe VI's testimony.

[¶ 5.] At the in limine hearing, the State informed the trial court that police would testify to the following: Bunger had knowledge of the bra in his bedroom; he knew the bra belonged to Jane Doe VI; he asked Jane Doe VI if he could have her bra; and he said he intended to donate the bra to Goodwill along with the shirts found with the bra. The State further informed the trial court that Jane Doe VI would testify that Bunger came to her apartment and told her he was going to Goodwill and asked if she had anything to donate; that she told him she did not; Bunger proceeded to enter her apartment, find a bra in her dresser drawer and asked if it still fit her; she replied she did not believe it did; he asked if he could have it; she did not deny this request; and Bunger took the bra. This occurred approximately four to five months before the bra was seized from Bunger's apartment and during the period of time he is accused of having had sexual contact with Jane Doe VI and others.

[¶ 6.] The trial court found that the bra was not related to any particular incident of fondling and did not corroborate Jane Doe VI's allegation that Bunger had sexual contact with her. The court declined to suppress evidence of several photographs, including one depicting a rear view of Jane Doe VI fully clothed and bent over from the waist with her hands on her buttocks taken in the apartment building and a photograph of several Los Angeles Lakers

cheerleaders in a similar pose. Both photographs were found in Bunger's bedroom dresser drawer along with other photographs of Jane Doe VI. The State intended to offer these photographs as trial exhibits. The court conditionally admitted the photos provided the State laid the proper foundation at trial. However, the court distinguished admission of the photographs from evidence regarding the bra:

> Just because he has the bra, doesn't mean he's done anything to anybody, and it doesn't show anything. It doesn't corroborate any testimony that you have alleged, that it had anything to do with any of the touching, it was done during any of the touching, or seen during any of the touching.... But I think that the bra is very—is—the argument about the bra is anybody who has a child's bra with hearts on it that came from across the hall has got to be guilty of touching somebody, and I think that is stretching things and I think is very prejudicial to the defendant in this matter without being relevant.

The State appeals this ruling.

### Analysis and Decision

■ [¶ 7.] Decisions on relevance are discretionary. 22 Charles A. Wright & Kenneth W. Graham, Federal Practice and Procedure, Evidence § 5166 n. 45 (Supp. 1990). Judicial discretion imports performing a function "according to the rules of reason and justice, not according to private opinion; according to law, and not humour. It is to be, not arbitrary, vague, and fanciful, but legal and regular." John W. Larson, South Dakota Evidence § 403.1, p. 137 (1991) (quoting Lord Halsbury in Sharp v. Wakefield, A.C. 173, 179 (1891)). Under SDCL 19–12–3 (Rule 403), "[t]he burden is on the *opponent* to establish that the proposed relevant evidence is substantially more prejudicial than probative, not on the *proponent* to establish that

the probative value substantially outweighs its prejudicial effect in order to gain its admission." *Id.* at § 403.2[1], p. 140 (emphasis in original). Rulings admitting or denying evidence are reviewed under the abuse of discretion standard. *State v. Belmontes*, 2000 SD 115, ¶ 9, 615 N.W.2d 634, 637.

[¶ 8.] Evidence must be relevant to be admissible. SDCL 19–12–2. Relevance denotes "any tendency to make the evidence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCl 19–12–1. In *State v. Wright*, 1999 SD 50, ¶ 15, 593 N.W.2d 792, 799, we wrote that SDCL 19–12–3 (Rule 403):

> 'favors the admission of evidence in the absence of strong considerations to the contrary.' Larson, § 403.1 (1998 Supp). As juries should hear all relevant evidence, judges must sparingly invoke discretion to exclude evidence under this rule. *See United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir.1984) (Rule 403 is an 'extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence' and 'in criminal trials relevant evidence is inherently prejudicial'), *reh'g denied*, 740 F.2d 979 (11th Cir.1984), *and cert. denied sub nom., Gerwitz v. United States*, 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 365 (1984); *United States v. Jamil*, 707 F.2d 638, 642 (2d Cir.1983) (trial judge must take special care to use Rule 403 sparingly); *United States v. Thevis*, 665 F.2d 616, 633–34 (5th Cir.1982) (Rule 403 is 'extraordinary remedy'), *reh'g denied*, 671 F.2d 1379 (5th Cir.1982), *cert. denied*, 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982).

[¶ 9.] To prove the charges brought against Bunger, the State must establish beyond a reasonable doubt that he committed a touching, not amounting to rape, of the breasts or genitalia or anus of a child with the intent to arouse or gratify the sexual desire of either party. SDCL 22–22–7.1. Possession of a child's bra and testimony surrounding it does not prove Bunger had sexual contact with Jane Doe VI. However, it does connect him to this child. In South Dakota, although corroborating evidence is never necessary for conviction of a sexual offense, it tends to reinforce the proof supporting the charge. *See* SDCL 23A–22–15.1; *State v. Gonzalez*, 2001 SD 47, ¶ 18, 624 N.W.2d 836, 840–41; *State v. Hart*, 1996 SD 17, ¶ 9, 544 N.W.2d 206, 208. As is often the case with sexual crimes against children, there may be negligible physical evidence to corroborate the child's version of events. For this reason, the absence or presence of circumstantial evidence may tend to discredit the child's version or substantiate it. It is critical, therefore, that courts be sensitive to the admission of such evidence, whether it is offered by the prosecution or the defense. Here, we have an item of intimate apparel directly linking the defendant with the child. The child's bra was found in the defendant's bedroom.

[¶ 10.] Any evidence tending to connect an accused with the commission of a crime is relevant and probative. *State v. Anderson*, 2000 SD 45, ¶ 97, 608 N.W.2d 644, 671 (citing *State v. Johnson*, 316 N.W.2d 652, 654 (S.D.1982)). *See Hatcher v. State*, 735 N.E.2d 1155, 1159 (Ind.2000) (emergency protective order held relevant in murder trial to show history of relationship between defendant and victim); *Macy v. Blatchford*, 330 Or. 444, 8 P.3d 204, 211 (2000) (reversible error to exclude evidence of sexual relationship between plaintiff and her physician as evidence was held relevant to her claim of negligence and

informed consent); *Evans v. State*, 727 N.E.2d 1072, 1080 (Ind.2000) (evidence of defendant choking victim relevant to show their relationship in murder trial); *State v. Jones*, 137 N.C.App. 221, 527 S.E.2d 700, 704 (2000) (victim's statements held relevant to show her relationship with defendant).

[¶ 11.] The law favors admitting relevant evidence no matter how slight its probative value. South Dakota's Professor Larson explains: "It is sufficient that the evidence has a tendency to make a consequential fact *even the least bit* more probable or less probable that it would be without the evidence." Larson, § 401.1, p. 109 (emphasis added). Weighing evidence is primarily a jury function. *State v. Holzer*, 2000 SD 75, ¶ 26, 611 N.W.2d 647, 655. Only when prejudice must be balanced against probative value will a court weigh the evidence. Even then, the law favors admissibility. *See Wright*, 1999 SD 50 at ¶ 14, 593 N.W.2d at 799 ("Once the evidence is found relevant ... the balance tips emphatically in favor of admission unless the dangers set out in Rule 403 'substantially' outweigh probative value.").

[¶ 12.] In *Simpson v. State*, 271 Ga. 772, 523 S.E.2d 320, 321 (1999), the Georgia Supreme Court asked: "In a prosecution for a sexual offense, what limits should be placed on the admissibility of physical evidence of a sexual nature, such as writings, drawings, photographs, or paraphernalia connected with the defendant, and for what purposes should such evidence be admitted?" In answering, the court concluded that in "a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity." *Id.* at

321–22. Bunger is charged with fondling Jane Doe VI's breasts, and he was found in possession of her bra. The bra connects him to the child, and it connects him in a way that suggests an erotic attraction to the child. In a case of sexual contact, such evidence is highly relevant. The defendant acquired this bra during the same time frame he was alleged to have had sexual contact with the child, though the taking of the bra did not occur on the same day as the purported sexual contact. He claimed he had the bra merely to take to Goodwill, but he still had it in his bedroom months after he took it from the child's dresser. Whether his possession occurred for the reason he claimed or because of an erotic attraction should be left for the jury to decide.

[¶ 13.] The trial court concluded that evidence concerning the bra was "highly prejudicial" without conducting the proper balancing test under SDCL 19–12–3. Even relevant evidence may be excluded where it is prejudicial, misleading or cumulative, thus a balancing test to determine prejudicial versus probative value is required. *Holzer*, 2000 SD 75 at ¶ 27, 611 N.W.2d at 655. However, relevant evidence is not inadmissible if it incidentally tends to arouse passion or prejudice. *State v. Kaseman*, 273 N.W.2d 716, 726 (S.D.1978). Nor is evidence prejudicial "merely because its legitimate probative force damages the defendant's case." *State v. Barber*, 1996 SD 96, ¶ 19, 552 N.W.2d 817, 821. The burden was on Bunger to establish that the proffered evidence was substantially more prejudicial than probative. And the challenged evidence must be "unfairly" prejudicial; that is, it must have the capacity to persuade by illegitimate means. *Holzer, supra* (cit-

ing *State v. Brings Plenty*, 459 N.W.2d 390, 399 (S.D.1990)). We see nothing to indicate that the bra would prove sexual contact by illegitimate means. We conclude the evidence of the bra found in Bunger's bedroom and belonging to Jane Doe VI has probative value, and it is not substantially outweighed by the danger of unfair prejudice. The court abused its discretion in ruling otherwise.

[¶ 14.] Reversed.

[¶ 15.] MILLER, Chief Justice, and GILBERTSON, Justice, concur.

[¶ 16.] SABERS and AMUNDSON, Justices, dissent.

SABERS, Justice (dissenting).

[¶ 17.] The majority authors are fond of stating the test for reviewing whether the trial court abused its discretion: *

> We are not to determine whether the judges of this court would have made an original like ruling, but rather whether we think a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.

A judicial mind could reasonably reach the trial court's conclusion.

> Stated another way, a trial court's findings of fact and the subsequent application of discretion shall not be disturbed unless there is clearly no basis in reason or evidence to support that finding.

We should not disturb the trial court ruling because clearly there was a basis in reason and in evidence to support that decision.

[¶ 18.] Under this standard, how can the majority opinion claim that *no* judicial

---

* See *Estate of Karnen*, 2000 SD 32, ¶ 9, 607 N.W.2d 32 (Miller, C.J.); *Carpenter v. City of Belle Fourche*, 2000 SD 55, ¶ 7, 609 N.W.2d 751 (Konenkamp, J.); *State v. Anderson*, 2000 SD 45, ¶ 93, 608 N.W.2d 644 (Gilbertson, J.).

mind could find this unrelated piece of clothing irrelevant? In fact, the victim's own testimony establishes its irrelevancy.

[¶ 19.] Therefore, I dissent.

[¶ 20.] I also join Justice Amundson's dissent because the majority opinion's de novo decision to stigmatize this defendant ignores the proper standard of review and will prevent Bunger from receiving a fair trial on the facts of the case.

AMUNDSON, Justice (dissenting).

[¶ 21.] To prove the charges it brought against Bunger, the State must prove beyond a reasonable doubt that he had touching, not amounting to rape, of the breasts and genitalia or anus of this alleged victim and others with the intent to arouse or gratify the sexual desire of either party. SDCL 22–22–7.1. The State argued it offered the bra and testimony regarding the bra to corroborate Jane Doe VI's anticipated testimony at trial and provided no other reason for its admission into evidence. However, in South Dakota, it is not essential to a sexual offense conviction that the testimony of the victim be corroborated by any other evidence. *See* SDCL 23A–22–15.1; *State v. Gonzalez*, 2001 SD 47, ¶ 17, 624 N.W.2d 836, 840.

[¶ 22.] Bunger's possession of Jane Doe VI's bra, obtained from her ostensibly as a donation to Goodwill, does not tend to prove any element of SDCL 22–22–7.1. The fact that he entered her room and asked about the bra after she indicated she had nothing to donate to Goodwill does not tend to prove sexual contact. The fact that the bra was found in his bedroom intertwined in a man's shirt does not tend to prove sexual touching. The fact that he did not donate the bra to Goodwill does not tend to prove sexual touching. None of these facts, considered separately or together, tend to prove the crime with which Bunger is charged.

[¶ 23.] Even if Bunger obtained and kept the bra for prurient reasons, this does not tend to prove the crime with which he is charged. In *State v. White*, 1996 SD 67, 549 N.W.2d 676, this Court unanimously held that the trial court did not abuse its discretion in denying the defendant from introducing a pornographic video found in the victim's VCR into evidence to prove that he was sexually attacked. In affirming the trial court's decision to deny the admission such irrelevant evidence, this Court stated that "[t]he causal link between possession of pornographic materials and an individual's propensity to commit sexual offenses is tenuous, if not nonexistent." *White*, 1996 SD 67, ¶ 20, 549 N.W.2d at 682. The same reasoning in denying a defendant/proponent from admitting such evidence should also apply when it is the State who is the proponent of such evidence. Other courts have also similarly held. *See e.g. State v. Nelson*, 331 S.C. 1, 501 S.E.2d 716, 723 (1998); *State v. Melcher*, 140 N.H. 823, 678 A.2d 146 (1996); *State v. Tizard*, 897 S.W.2d 732, 744 (Tenn.Crim.App. 1994); *State v. Bernard*, 849 S.W.2d 10 (Mo.1993); *Lannan v. State*, 600 N.E.2d 1334 (Ind. 1992).

[¶ 24.] A necessary corollary to the presumption of innocence is that a defendant must be tried for what he did, not for who he is. As stated in *Nelson*,

It is obvious the real purpose, the sole purpose, of this evidence was, in general, to prove the appellant was a sexual pervert, and, in particular, to prove that his perversion was pedophilia, and to do so on the basis of reading material found in his possession some of which would offend a substantial number of jurors, prejudicing them against the appellant without regard to whether it proved anything against him.... If this material is supposed to provide a picture of the

appellant as a pedophile, such profile evidence is inadmissible in criminal cases to prove either guilt or innocence.

501 S.E.2d at 720. The State has not shown the trial court abused its broad discretion in suppressing this evidence from a trial involving charges of sexual contact. Despite this obvious infirmity, this majority opinion stands for the proposition that if one is charged with a sex crime, any and all evidence, no matter how remotely related to sex, such evidence can be used by the State in prosecuting that person.

[¶ 25.] The rules of evidence are in place to assure a level playing field, and that, in a criminal trial, the defendant is tried for the crimes charged.

> In a criminal trial, [the rules of evidence] serve [ ] to ensure that the defendant is tried on the merits of the crime as charged and to prevent a conviction based on evidence of other crimes or wrongs. [These rules] reflect [ ] long-established notions of fair play and due process, which forbid judging a person on the basis of innuendoes arising from conduct which is irrelevant to the charges for which he or she is presently standing trial.

State v. Melcher, 140 N.H. 823, 678 A.2d 146, 149 (1996) (citing United States v. Cortijo-Diaz, 875 F.2d 13, 15 (1st Cir. 1989)). Basing its decision with these rules in mind, the trial court held that Jane Doe VI's bra, found in Bunger's bedroom, was not relevant to the charges against Bunger, including sexual contact with Jane Doe VI. Evidentiary rulings on a motion to suppress are presumed correct by this Court and are reviewed under an abuse of discretion standard. State v. Belmontes, 2000 SD 115, ¶ 9, 615 N.W.2d 634, 637; State v. Vento, 1999 SD 158, ¶ 5, 604 N.W.2d 468, 469. The majority opinion fails to afford the trial court the proper amount of deference to which it is entitled.

[¶ 26.] The State claims the trial court concluded that evidence concerning the bra was "highly prejudicial" without conducting the proper balancing test under SDCL 19–12–3. Even relevant evidence may be excluded where it is unfairly prejudicial. State v. Holzer, 2000 SD 75, ¶ 27, 611 N.W.2d 647, 655. If the trial court determines the evidence is relevant, it must then decide whether "its probative value is substantially outweighed by the danger of unfair prejudice." SDCL 19–12–3. Because the court ruled the evidence was not relevant, and therefore inadmissible, this balancing test was not required.

[¶ 27.] Since the majority opinion concludes that the bra is relevant, it also determines, on a de novo basis, that the bra's probative value is not substantially outweighed by the danger of unfair prejudice. I submit the majority opinion is substituting its judgment for that of the trial court. Without a ruling from the trial court as to the balancing of the bra's probative versus prejudicial value under SDCL 19–12–3, the majority again wishes to micro-manage discretionary evidentiary decisions made by the trial court.

[¶ 28.] Therefore, I dissent.