2004 SD 119

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Travis Ewing SMILEY, Defendant and Appellant.**

No. 23027.

Supreme Court of South Dakota.

Considered on Briefs Aug. 25, 2004.

Decided Oct. 27, 2004.

Lawrence E. Long, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Manuel J. deCastro, Jr., John R. Hinrichs, Minnehaha County Public Defenders Office, Sioux Falls, South Dakota, Attorneys for defendant and appellant.

KONENKAMP, Justice.

[¶ 1.] Defendant, Travis Smiley, was convicted by a jury of two counts of first degree rape, as defined in SDCL 22–22–1(1). The convictions both stem from his sexual penetration of a child, L.D. The first incident occurred at the home of defendant's parents in Sioux Falls, on December 22, 2001, when the child was seven. The second happened in the same residence on April 12, 2002. After his trial, defendant admitted his conviction of a prior felony and was sentenced as a habitual offender under SDCL 22–7–7. He received two concurrent life sentences. Defendant appeals on several issues. All are controlled by settled law.

[¶ 2.] He first complains that he should have been released on bond pending appeal. A circuit court has discretion in these matters, and we find no abuse of discretion. Defendant tried to evade arrest when he was first apprehended. That incident was an appropriate factor for the court to consider in deciding whether to allow bond on appeal. SDCL 23A–43–16; 23A–43–4.

[¶ 3.] Defendant next contests the imposition of his two life sentences, arguing that the sentence enhancement under SDCL 22–7–7 should not apply when his prior felony conviction was for forgery, a nonviolent crime. First, defendant could have been sentenced to life imprisonment solely for his convictions on two counts of first degree rape of a child less than ten

years of age. Those offenses are Class 1 felonies, each carrying a maximum penalty of life imprisonment. SDCL 22–22–1(1); SDCL 22–6–1. Second, the enhancement provision applicable here under SDCL 22–7–7 does not require a prior conviction of a violent felony. It specifies that "one or two prior felonies" will enhance the punishment for the principal felony to the next more severe class. Thus, his Class 1 offense was enhanced to a Class B felony. SDCL 22–7–7. A Class B felony imposes a mandatory sentence of life imprisonment. SDCL 22–6–1. Under this statutory scheme, there is no "downward departure if mitigating circumstances exist." *State v. Guthmiller*, 2003 SD 83, ¶ 41, 667 N.W.2d 295, 309.

[¶ 4.] Defendant also challenges his concurrent life sentences on the ground that they constitute cruel and unusual punishment under our state and federal constitutions. Our review is controlled by the standards established in *State v. Bonner*, 1998 SD 30, ¶ 17, 577 N.W.2d 575, 580. In considering the proportionality of this sentence, the punishments imposed fall within the statutory limits. Defendant was convicted of two counts of first degree rape of a child younger than age 10. Taking into account all the factors surrounding Smiley's crimes and considering his prior felony, we do not consider these sentences grossly disproportionate. *Guthmiller*, 2003 SD 83, ¶ 48, 667 N.W.2d at 311. Accordingly, our review ends.

[¶ 5.] Defendant next contends that the State engaged in prosecutorial misconduct through: (1) vouching for the State's key witness; (2) argument concerning community conscience and emotion; and (3) argument attempting to shift the burden of proof to the defense. Upon review of the record, we conclude that these assertions have no merit. But even if they did, under the abuse of discretion standard of review not only must error be identified, but it must also be shown to be prejudicial. *State v. Perovich*, 2001 SD 96, ¶ 11, 632 N.W.2d 12, 15–16. When defense counsel objected to the prosecutor's comments, the court instructed the prosecutor to limit her arguments to the record. No prejudice resulted from the State's closing argument.

[¶ 6.] Defendant asserts that the trial court erred in denying his motions for acquittal because there was insufficient evidence to convict on each count of first degree rape. "On insufficiency of evidence claims, we review the evidence in a light most favorable to the verdict." *State v. Pugh*, 2002 SD 16, ¶ 9, 640 N.W.2d 79, 82; *see also State v. Moschell*, 2004 SD 35, ¶ 40, 677 N.W.2d 551, 564. The question is whether the evidence "is sufficient to sustain a finding of guilt beyond a reasonable doubt." *State v. Hart*, 1996 SD 17, ¶ 8, 544 N.W.2d 206, 208 (citations omitted). Contrary to defendant's suggestion, there is no requirement that the testimony of a child witness be corroborated with expert evidence. *State v. Bunger*, 2001 SD 116, ¶ 9, 633 N.W.2d 606, 609. Defendant and the child victim gave different accounts of what happened, and the jury chose to believe the child. Our review of the evidence in a light favorable to the verdict supports the jury's decision.

[¶ 7.] Defendant next argues that one of the jurors was biased because of her status as an elementary school teacher and her experience with a former student having been kidnapped and raped. The trial court denied defendant's challenge for cause on this juror. Then, following opening statements wherein certain children's names were mentioned, the same juror notified the court and counsel that she knew one of the children involved in the case. That child was not the victim.

Being fully apprised, the trial court saw no compelling reason to remove the juror. Neither do we.

[¶ 8.] In defendant's final issue, he challenges the trial court's ruling that the defense opened the door to impeachment evidence. Defendant called a former supervisor, Mary Clark, to testify about his work for her over a period of four years. She told the jury on direct examination that defendant had good work skills and managerial qualities, and that he worked well with people, having good "people-type relationships with individuals." The court held that this testimony brought defendant's character into question. Thus, the court permitted the State to ask Clark about her knowledge of defendant's prior forgery conviction. Defendant maintains that this testimony did not open the door to cross-examination about his prior conviction. Defendant insists that he was then forced to take the stand and testify, losing his Fifth Amendment right to remain silent.

[¶ 9.] Trial courts have wide discretion in evidentiary rulings. *State v. Walton,* 1999 SD 80, ¶ 25, 600 N.W.2d 524, 530. The State's cross examination was permissible under SDCL 19–14–10 and SDCL 19–14–8. The trial court later charged the jury with appropriate instructions, explaining that evidence of defendant's good character should be considered in conjunction with the other evidence presented throughout the trial. Even if this testimony was admitted in error, we conclude that no unfair prejudice resulted. Defendant's remaining contentions are meritless.

[¶ 10.] Affirmed.

[¶ 11.] GILBERTSON, Chief Justice, and SABERS, and ZINTER, Justices, and MILLER, Retired Justice, concur.

[¶ 12.] MILLER, Retired Justice, sitting for MEIERHENRY, Justice, disqualified.