**STATE**

v.

**Jose A. RODRIGUEZ.**

**No. 2008–321–C.A.**

Supreme Court of Rhode Island.

June 17, 2010.

Jane M. McSoley, Department of Attorney General, for Plaintiff.

Marie T. Roebuck, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

The defendant, Jose A. Rodriguez (Rodriguez or defendant), appeals from a Superior Court judgment of conviction for possession of heroin with intent to deliver, possession of cocaine with intent to deliver, and possession of a knife while committing a crime of violence. This case came before the Supreme Court for oral argument on March 3, 2010, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. For the reasons set forth below, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

On July 13, 2006, Michael Sama (Sama), intending to buy heroin, called his supplier, Rodriguez. In the briefest of conversations, Sama asked defendant to meet him. The two arranged a meeting in a Cadillac in the parking lot of the West River Stop & Shop located on Branch Avenue. Providence Police Officer Richard Piccirillo (Officer Piccirillo) testified that he routinely patrolled that parking lot because it was a well-known drug-trafficking location. On this evening, he observed the two men in the Cadillac seemingly exchange money. Further investigation revealed that the vehicle was unregistered.

Officer Piccirillo approached the vehicle and, amid the several discarded needles and syringe caps that littered the front passenger area, observed the occupants engaged in furtive movements, a time-honored investigative tip-off. Officer Piccirillo first ordered Sama out of the vehicle, who complied. He then ordered defendant out of the vehicle, who did not comply. Rodriguez became belligerent and then retrieved a bag of heroin from his sock and ingested it. Officer Piccirillo tried, unsuccessfully, to prevent defendant from swallowing the contraband, and as recompense for his efforts Rodriguez slashed at him with a knife. Officer Piccirillo attempted to subdue Rodriguez and, during the ensuing fracas, defendant hurled a bag of marijuana in Sama's direction and invited Sama to join him in consuming the merchandise. Sama demurred. It took several more officers and a can of pepper spray to subdue and arrest defendant. During a strip-search in connection with the arrest, the police discovered on defendant's person several bags containing what later was determined to be cocaine and heroin.

The defendant was charged with: (1) possession of heroin with intent to deliver; (2) possession of cocaine with intent to deliver; (3) possession of a knife with a

blade in excess of three inches while committing a crime of violence; (4) assault with a dangerous weapon; (5) assaulting a police officer while engaged in his duties; and (6) possession of marijuana with intent to deliver. The state presented as witnesses Officer Piccirillo, Officer Richard Esposito, who assisted Officer Piccirillo, Detective Andre Perez, who sent the narcotics to the state toxicology laboratory, and Sama, who struck an immunity deal with the prosecution. Sama largely corroborated Officer Piccirillo's testimony, although he denied exchanging money or narcotics with Rodriguez in the Cadillac. Significantly, Sama disclosed that he had purchased both heroin and cocaine from Rodriguez on two prior occasions. The defendant objected to this testimony, and the trial justice issued the following cautionary instruction:

> "There is no charge before the court as to any transaction other than an alleged transaction or alleged possession, we'll call it, on July 13th. In other words, the testimony this gentleman is giving about a prior occasion is not offered to form the basis of a criminal charge. You will be limited to the charges in question. All of the changes relate to July 13th, okay?"

The defendant did not object to this instruction.

█ After the state presented its evidence, Rodriguez moved for a judgment of acquittal on all counts.[1] The trial justice entered a judgment of acquittal for possession of marijuana with intent to deliver, but denied the motion with respect to the remaining counts. On February 4, 2008, a jury found Rodriguez guilty of possession of heroin with intent to deliver, possession of cocaine with intent to deliver, and possession of a knife with a blade in excess of three inches while committing a crime of violence, to wit: possession of cocaine with intent to deliver, but found him not guilty of assaulting a police officer while engaged in his duties. On February 11, 2008, Rodriguez's motion for a new trial was denied. A judgment of conviction was entered on March 31, 2008, from which Rodriguez timely appeals.[2]

The defendant advances three arguments on appeal. First, he contends that the trial justice erred in denying his motion for judgment of acquittal on both counts charging him with possession of cocaine and heroin with intent to deliver, as well as possession of a knife while committing a crime of violence. Second, defendant renews his argument that Sama should not have been permitted to disclose their previous drug transactions. Finally, Rodriguez argues his motion for a new trial erroneously was denied.

## II

### Standard of Review

█ "Whenever this Court reviews the denial of a motion for judgment of acquittal, we apply the same standard as that applied by the trial justice; namely, we 'must view the evidence in the light most favorable to the state, * * * giving full credibility to the state's witnesses, and draw therefrom all reasonable inferences consistent with guilt.'" *State v. Ros*, 973 A.2d 1148, 1159 (R.I.2009) (quoting *State v. Caba*, 887 A.2d 370, 372 (R.I.2005)). "This Court must evaluate just the evidence 'that

---

1. The state previously had dismissed Rodriguez's charge of assault with a dangerous weapon in accordance with Rule 48(a) of the Superior Court Rules of Criminal Procedure.

2. Although Rodriguez filed his notice of appeal before the judgment was entered, we treat a prematurely filed notice of appeal as timely. *State v. Ros*, 973 A.2d 1148, 1159 n. 14 (R.I.2009).

the prosecution claims is capable of supporting proof of guilt beyond a reasonable doubt.'" *State v. Reyes*, 984 A.2d 606, 616 (R.I.2009) (quoting *Ros*, 973 A.2d at 1159). "This Court must uphold the denial of the motion for judgment of acquittal if the record shows sufficient evidence to merit a jury verdict of guilt beyond a reasonable doubt." *Reyes*, 984 A.2d at 616.

 Our review of a trial justice's decision on a motion for a new trial similarly is deferential. "Provided that the trial justice has 'articulated an adequate rationale for denying a motion,' * * * a trial justice's ruling on a new trial motion is entitled to great weight." *State v. Bergevine*, 942 A.2d 974, 981 (R.I.2008) (quoting *State v. Hesford*, 900 A.2d 1194, 1199 (R.I.2006)). "Accordingly, '[a] trial justice's ruling on a new-trial motion will not be overturned unless the trial justice was clearly wrong or unless he or she overlooked or misconceived material and relevant evidence that related to a critical issue in the case.'" *Id.* (quoting *State v. Lynch*, 854 A.2d 1022, 1046 (R.I.2004)).

## III

### Discussion

The defendant advances two arguments why his motion for judgment of acquittal erroneously was denied. The defendant first argues that there is insufficient evidence to support the jury's convictions. Although it is undisputed that police offi-

cers found cocaine and heroin on his person, Rodriguez contends that there is no evidence he intended to distribute it. He further argues that failure to prove that he possessed either heroin or cocaine with an intent to deliver would necessarily require acquittal on the charge of possession of a knife while committing a crime of violence.[3]

 The defendant's insufficiency of the evidence argument in favor of acquittal focuses mainly on the cocaine charge.[4] He directs this Court to Sama's testimony that although he set out to buy heroin from defendant, Sama did not state that was looking to buy cocaine. This distinction, however, relies on a crucial misunderstanding of the intent element of the charge. It is not Sama's intent that is germane; rather, the only relevant inquiry is what did Rodriguez intend when he made his way to the Stop & Shop to meet his customer, to whom he previously had delivered both cocaine and heroin. Intent, of course, can be established by inference.[5]

Although a relatively small amount of cocaine was found on Rodriguez, the state presented evidence that the cocaine was individually packaged and that Sama and defendant had an existing buyer-seller relationship that included the delivery of cocaine. Furthermore, the brief telephone call, followed by a rendezvous at a well known drug-trafficking location, provided a more than adequate basis for a jury to

**3.** General Laws 1956 § 11–47–2(2) defines possession of cocaine with intent to deliver as a crime of violence.

**4.** Although Rodriguez states that there is insufficient evidence that he possessed heroin with intent to deliver, he does not provide any support for that contention within his brief. As we have stated before, "a mere passing reference to an argument is insufficient to merit appellate review." *Tondreault v. Tondreault*, 966 A.2d 654, 664 (R.I.2009) (quoting

*DeAngelis v. DeAngelis*, 923 A.2d 1274, 1282 n. 11 (R.I.2007)).

**5.** Rodriguez also appears to attack Sama's credibility by noting that he testified at trial "within minutes of receiving a hand-written immunity agreement from the prosecutor." Of course, when reviewing a denial of a motion for acquittal, we must afford full credibility to the state's witnesses. *See Ros*, 973 A.2d at 1159.

find, beyond a reasonable doubt, that defendant arrived at the Stop & Shop intending to sell narcotics; both heroin and individually packaged cocaine. Accordingly, we are satisfied that the trial justice properly denied defendant's motion for acquittal on the charge of possession of cocaine with intent to deliver. Moreover, our decision upholding the judgment of conviction for this count conclusively dispatches defendant's related argument that acquittal for possession of cocaine with intent to deliver would require acquittal on the charge of possession of a knife with a blade exceeding three inches in length while committing a crime of violence.[6]

■ The defendant next argues that the trial justice erred when he allowed Sama to testify that he had purchased narcotics from defendant on two previous occasions. He avers that this testimony is prohibited by Rule 404(b) of the Rhode Island Rules of Evidence. "This Court has stated that '[t]he admissibility of evidence is within the sound discretion of the trial justice, and this Court will not interfere with the trial justice's decision unless a clear abuse of discretion is apparent.'" *State v. Gautier*, 950 A.2d 400, 411 (R.I. 2008) (quoting *State v. Brown*, 900 A.2d 1155, 1159 (R.I.2006)). Moreover, we often have stated that "[t]he line between Rule 404(b) evidence presented for the impermissible purpose of demonstrating propensity and Rule 404(b) evidence presented for one of the specific non-propensity exceptions is 'both a fine one to draw and an even more difficult one for judges and juries to follow.'" *Brown*, 900 A.2d at 1160 (quoting *State v. Garcia*, 743 A.2d 1038, 1052 (R.I.2000)).

■ Rule 404(b) prohibits the use of evidence of past crimes, wrongs, or acts "to show the defendant's propensity to commit the crime with which he is currently charged."[7] *State v. John*, 881 A.2d 920, 926 (R.I.2005). We have characterized this prohibition of evidence to "prove the character of a person in order to show that the person acted in conformity therewith" as the "general exclusionary" language within Rule 404(b). *See, e.g., State v. Gaspar*, 982 A.2d 140, 148 (R.I.2009); *State v. Merida*, 960 A.2d 228, 232 (R.I.2008); *Garcia*, 743 A.2d at 1050. However, the second sentence of Rule 404(b) makes equally plain that such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident * * *." Moreover, we have treated the list contained within the second sentence of Rule 404(b) as examples, rather than a complete enumeration, of permitted purposes. *See State v. Lemon*, 497 A.2d 713, 720 (R.I.1985) ("This list of exceptions was certainly not designed to be exhaustive or all-inclusive."); *State v. Pona*, 948 A.2d 941, 950 (R.I.2008) (evidence also admissible when prior acts "are

---

6. The defendant also argues that, because the criminal information referred only to possession of cocaine for the "crime of violence" element of this charge and not possession of heroin, the trial justice erred by instructing the jury that a guilty verdict for either narcotics possession charge would satisfy the "crime of violence" element of the knife charge. Because we affirm the conviction for possession of cocaine with intent to deliver, we need not address the consequence, if any, of the trial justice's jury instruction.

7. Rule 404(b) of the Rhode Island Rules of Evidence provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable."

interwoven or in instances when introduction is necessary for 'a trier of fact to hear a complete and, it is to be hoped, coherent story so as to make an accurate determination of guilt or innocence.' ") (quoting *State v. Gomes*, 690 A.2d 310, 316 (R.I.1997)). Although we have described the non-exhaustive list in Rule 404(b) as "exceptions," they are not instances of true exceptions in which propensity reasoning is permitted.[8] Rather, the second sentence in Rule 404(b) is more accurately described as a simple reiteration of the broad admissibility principles that undergird our rules of evidence. *See* Advisory Committee's Note to Rule 401 of the Rhode Island Rules of Evidence (low relevancy threshold reflects the "evidentiary maxim, '[a] brick is not a wall'") (quoting *McCormick on Evidence* § 185 (2d ed. 1972)). "Although Rule 404(b) mandates that evidence of other crimes or bad acts is not admissible to prove the propensity of a defendant to commit crime, such evidence is admissible to show a fact that tends to prove that the defendant is guilty of the crime charged." *State v. Parkhurst*, 706 A.2d 412, 424 (R.I.1998); see *Lemon*, 497 A.2d at 721 ("evidence of a separate crime may be admissible if it has independent relevance in respect to the proof of an element material to 'the chain of proof of the crime in issue'") (quoting *State v. Acquisto*, 463 A.2d 122, 128 (R.I. 1983)); *see also* David P. Leonard, *The New Wigmore: A Treatise on Evidence*, ch. 4, § 4.3.2 at 227 (2009) ("Federal courts in all circuits have characterized the codified rule as inclusionary, and almost all states follow the same view."). Thus, it is only when evidence of prior crimes, wrongs, or acts is offered to prove that the accused has a criminal disposition and, therefore, is more likely to have committed the crime for which he stands accused, that Rule 404(b) requires its exclusion. *See State v. Graham*, 941 A.2d 848, 861 (R.I.2008).

However, a mere showing by the proponent that the evidence is offered for a proper purpose does not necessarily end the inquiry. In *Huddleston v. United States*, 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the United States Supreme Court identified three additional protections against the admission of unfairly prejudicial evidence of prior crimes, wrongs, or acts.[9] First, a trial justice may exclude evidence of a prior act under Rule 104(b) of the Rhode Island Rules of Evidence if she concludes that the jury could not reasonably find by a preponderance of

---

8. David P. Leonard, *The New Wigmore: A Treatise on Evidence*, ch. 4, § 4.4 at 230 (2009), provides a thorough explanation of this seemingly semantic distinction:

"[T]o say that evidence under [Rule 404(b)] comes in under an 'exception' ignores both the meaning of that word and the way in which evidence is offered at trial. When a party's presentation of any item of evidence meets an objection, it is the proponent's obligation to state the purpose for which it is being offered. The court has no basis for ruling on the admissibility of evidence unless and until the proponent has done so. If the proponent's argument makes clear that the evidence is being offered to prove a character-based propensity to commit the charged misconduct, the court must refuse to admit it because it is subject to the broad rule of exclusion (unless it fits into one of the true exceptions, such as the rule permitting a criminal defendant to present evidence of her [or his] character to prove innocence). If it is offered on some other basis, it does not become admissible pursuant to an 'exception' to the exclusionary rule. The rule of exclusion simply never comes into play."

9. Although we are not bound by the United States Supreme Court's interpretation of its rules of evidence, because our rules closely hew to their Federal counterpart, we find the Court's analysis exceedingly persuasive. *See State v. Gaspar*, 982 A.2d 140, 148 (R.I.2009) (Rhode Island Rules of Evidence are "substantially analogous" to Federal rules).

the evidence that the prior act occurred.[10] *Huddleston,* 485 U.S. at 690, 108 S.Ct. 1496. Second, a trial justice may exclude evidence under Rule 403 of the Rhode Island Rules of Evidence if she finds that its probative value is substantially outweighed by the potential for unfair prejudice. *Huddleston,* 485 U.S. at 691, 108 S.Ct. 1496; *see Gaspar,* 982 A.2d at 148 ("Rule 403 cuts across the rules of evidence and is always a consideration in a trial justice's ruling on the admissibility of Rule 404(b) evidence."); *see also Graham,* 941 A.2d at 862 ("We have said that '[u]nless evidence is of limited or marginal relevance and enormously prejudicial, the trial justice should not act to exclude it.' ") (quoting *Wells v. Uvex Winter Optical, Inc.,* 635 A.2d 1188, 1193 (R.I.1994)). Lastly, a trial justice must, upon the request of counsel, issue a cautionary instruction to the jury reminding it not to consider the evidence for propensity purposes. *Huddleston,* 485 U.S. at 691, 108 S.Ct. 1496; *see Brown,* 900 A.2d at 1160 (when requested, "the trial justice should issue specific instructions to the jury explaining 'the limited purpose [or purposes] for which the jury may consider it' ") (quoting *Garcia,* 743 A.2d at 1052).

The defendant contends that any evidence of prior criminal activity is presumed inadmissible under Rule 404(b) as inherently prejudicial. Such a view does not comport with our longstanding interpretation of the rule. So long as the evidence is used for a purpose other than suggesting that defendant acted in conformity with a criminal disposition, Rule 404(b) does not require its exclusion. This decision is committed to the trial justice's discretion. The trial justice found that evidence of prior drug transactions was probative of Rodriguez's intent when the two men spoke on July 13, 2006. Their prior history indicated that the two "weren't friends" and that "[t]he only way they dealt with one another was through the sale of drugs."

In *State v. Reis,* 815 A.2d 57, 62 (R.I. 2003), we held that evidence that the defendant previously had engaged in drug transactions by having the same person deliver a Federal Express package to him was "interwoven and represent[ed] a common scheme or plan" because it clarified the defendant's intent when police caught him engaging in the nearly identical transaction. We are of the opinion that the present case is analogous. Evidence that defendant and Sama knew each other only in connection with the purchase and sale of narcotics illuminates defendant's intent when he drove to the Stop & Shop parking lot with both cocaine and heroin. Moreover, the trial justice, *sua sponte,* issued a cautionary instruction to guard against any potential unfair prejudice. Accordingly, we are satisfied that the trial justice did not abuse her discretion in permitting this testimony.

In his final argument seeking reversal, the defendant challenges the trial justice's denial of his new-trial motion and simply refers this Court to the arguments he made in favor of acquittal. Although we review a denial of a motion for new trial under a different standard, we are satisfied that the trial justice did not overlook or misconceive material evidence nor was her ruling clearly wrong.

---

**10.** Rule 104(b) of the Rhode Island Rules of Evidence provides:

"When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

## IV

## Conclusion

For the reasons set out above, the judgment of the Superior Court is affirmed and the papers of the case are returned to the Superior Court.

ROBINSON, J., concurring.

I readily concur in the result reached by the Court in this case. I also concur in the Court's analysis and discussion concerning the denial of the motion for judgment of acquittal and concerning the denial of defendant's motion for a new trial. However, while I agree with the Court that the trial justice did not abuse her discretion under Rule 404(b) of the Rhode Island Rules of Evidence [11] when she allowed testimony about prior drug transactions between defendant and Sama, I feel compelled to disassociate myself, with all due respect, from the Court's lengthy discussion and extended exegesis of that important and much-debated [12] evidentiary rule. To my mind, that discussion contains unnecessary dicta, and I respectfully disagree with its characterization of this Court's Rule 404(b) jurisprudence.

In my view, there is absolutely no reason for the Court to go on at length with respect to Rule 404(b) in this case. All members of the Court agree unequivocally that the evidence at issue was admissible under the "intent" exception that is expressly provided for in Rule 404(b). I fail

to see why it does not suffice to simply hold that the evidence about previous purchases of narcotics by Sama was admissible to show defendant's felonious *intent* and therefore is not barred by Rule 404(b). That is all that need be said, and I would end the Rule 404(b) discussion at that point. *See, e.g., Grady v. Narragansett Electric Co.*, 962 A.2d 34, 42 n. 4 (R.I.2009) (referring to "our usual policy of not opining with respect to issues about which we need not opine"); *see also United States v. Gertner*, 65 F.3d 963, 973 (1st Cir.1995) ("The judicial task, properly understood, should concentrate on those questions that must be decided in order to resolve a specific case.").

However, in view of the fact that the majority has chosen to write expansively when there is no necessity to do so, I must state that it is my considered view that the majority opinion inaccurately characterizes this Court's jurisprudence as to the admissibility of evidence in general and as to the admissibility of evidence pursuant to Rule 404(b) in particular.

I am unable to agree with the majority as to the existence of "broad admissibility principles that undergird our rules of evidence." Rather, when I look at our rules of evidence (both the codified Rules and other recognized evidentiary norms), I am struck by how insistently the law of evidence narrows the manner in which any particular point may be proven. [13] I will

---

**11.** Rule 404(b) of the Rhode Island Rules of Evidence is quoted in its entirety at footnote 7 of the majority opinion.

**12.** *See generally* Edward J. Imwinkelried, *Uncharged Misconduct Evidence* § 2:30 (1999); Graham C. Lilly, *An Introduction to the Law of Evidence* § 5.15 (3d ed. 1996).

**13.** Some random examples of my thesis that our rules of evidence are not undergirded by broad admissibility principles would be the

prohibition against hearsay evidence (unless it falls within an exception); the recognition of divers testimonial privileges; and the rules as to the competency of witnesses. *See generally In re Philip S.*, 881 A.2d 931, 934 (R.I.2005) ("Truth, like all other good things, may be loved unwisely—may be pursued too keenly— may cost too much.") (quoting *Pearse v. Pearse*, 1 DeG. & Sm. 12, 28–29, 63 Eng. Rep. 950, 957 (Ch. 1846)); *see also Pastore v. Samson*, 900 A.2d 1067, 1074 n. 5 (R.I.2006).

refrain from going on at length about this topic, but it is nonetheless my considered view that it is inaccurate to state that our rules of evidence are undergirded by "broad admissibility principles."

Moreover, I take issue with the majority's implication that this Court should interpret Rule 404(b) as a rule of *inclusion.* While I acknowledge that the federal appellate courts and many state courts have characterized Rule 404(b) as a rule of inclusion, I have yet to locate an opinion from this Court which characterizes the rule in that manner—whereas several opinions of this Court clearly indicate that Rule 404(b) should be viewed as a rule of *exclusion. See State v. Merida,* 960 A.2d 228, 232 n. 8 (R.I.2008) ("It should at all times be remembered * * * that Rule 404(b) is fundamentally a rule of exclusion."); *State v. Garcia,* 743 A.2d 1038, 1050 (R.I.2000) (referring to "the general exclusionary rule of Rule 404(b)"); *State v. Gallagher,* 654 A.2d 1206, 1210 (R.I.1995) (discussing exceptions "to this exclusionary rule"); *State v. Chartier,* 619 A.2d 1119, 1122 (R.I.1993); *see generally* Edward J. Imwinkelried, *Uncharged Misconduct Evidence* § 2:30 at 159, 160 (1999) (stating that the "exclusionary view still has adherents among the states, [d]espite the clear trend toward the inclusionary conception of the doctrine") (citing *State v. Lamoureux,* 623 A.2d 9 (R.I.1993)).

However, the issue of which label one should use to characterize Rule 404(b) is far less important to me than is a proper understanding of the rule's function. I read this Court's jurisprudence as indicating that evidence of prior wrongs is presumptively inadmissible.[14] *See State v. Gomes,* 690 A.2d 310, 316 (R.I.1997) (acknowledging that there are "exceptions" to the general rule of inadmissibility, but first stating: "Evidence of other crimes or bad acts is usually considered so prejudicial that it is *per se inadmissible* regardless of any relevancy that it might have to show the propensity of a defendant to have committed the charged crime.") (Emphasis added.).

The majority summarizes defendant's position with respect to Rule 404(b) as follows: "[A]ny evidence of prior criminal activity is presumed inadmissible under Rule 404(b) as inherently prejudicial." The majority then states that "[s]uch a view does not comport with our longstanding interpretation of the rule." I am unable to agree with that statement by the majority.

I am convinced that, due to the potential for such evidence unduly influencing jurors, this Court should expressly recognize that there is (1) a rebuttable presumption against the admissibility of Rule 404(b) evidence[15] and (2) a principle that the proponent of Rule 404(b) evidence bears the burden of establishing its admissibility. *See State v. Pona,* 948 A.2d 941, 949 (R.I. 2008) (stating that evidence may be admitted pursuant to Rule 404(b) under "excep-

---

**14.** Moreover, this Court has long held that, "even when such evidence is admitted under an exception to Rule 404(b), a trial justice should receive it *with great caution* and should specifically instruct the jury regarding its limited purpose." *State v. McVeigh,* 660 A.2d 269, 272 (R.I.1995) (internal quotation marks omitted) (emphasis added); *see also State v. Pona,* 948 A.2d 941, 950 (R.I.2008) (stating that a trial justice must engage in a "careful weighing" process "when admitting evidence under Rule 404(b)"); *State v. Rice,*

755 A.2d 137, 145 (R.I.2000) ("[W]e have warned trial justices to use extreme caution when admitting evidence of an accused's similar * * * offenses in cases such as this one."); *State v. Lamoureux,* 623 A.2d 9, 13 (R.I.1993).

**15.** *See State v. Merida,* 960 A.2d 228, 232 n. 8 (R.I.2008) (discussing the meaning of the term "Rule 404(b) evidence").

tions to the general rule" against admissibility); *see also United States v. Foskey*, 636 F.2d 517, 523 (D.C.Cir.1980) ("Unless the Government can establish the relevancy of the [Rule 404(b) ] evidence to some such issue in the criminal trial, the evidence must be excluded."); *State v. Jalette*, 119 R.I. 614, 624, 382 A.2d 526, 531 (1978) ("As a general rule, in prosecuting for a particular crime, evidence which in any way shows or tends to indicate that the accused has committed another crime completely independent of that for which he is on trial, even though it be a crime of the same type, is irrelevant and inadmissible.").

In my judgment, this Court should continue to adhere to an interpretation of Rule 404(b) whereby admission of evidence of prior wrongs is the exception rather than the rule. *See Lamoureux*, 623 A.2d at 13 ("In our prior cases we have pointed out that evidence of criminal activity on the part of the accused, other than the crime with which he or she is charged, is *normally inadmissible* because it is irrelevant to prove the charge save by its indication that the defendant is a bad man or woman who would therefore be predisposed to commit the crime with which he or she is charged.") (Emphasis added.). In doubtful cases, the presumption should be in favor of nonadmissibility.[16] *See generally Michelson v. United States*, 335 U.S. 469, 475, 475–76, 69 S.Ct. 213, 93 L.Ed. 168 (1948) (Jackson, J.) ("Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. * * * The inquiry is not rejected because character is irrelevant; on the contrary, it is said

to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."); *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir.1996) ("Although logically relevant, 'propensity' or 'bad character' evidence carries an unacceptable risk that a jury will convict for crimes other than those charged, or that it will convict, although uncertain of guilt, because a bad person deserves punishment."); *People v. Zackowitz*, 254 N.Y. 192, 172 N.E. 466, 468 (1930) (Cardozo, C.J.) ("In a very real sense a defendant starts his life afresh when he stands before a jury, a prisoner at the bar."); *see also Foskey*, 636 F.2d at 523; *United States v. Myers*, 550 F.2d 1036, 1044 (5th Cir.1977) ("A concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is.").

The following language from the First Circuit's opinion in the case of *United States v. Cortijo–Diaz*, 875 F.2d 13 (1st Cir.1989) summarizes in a particularly felicitous manner that court's understanding of the scope of Rule 404(b) of the Federal Rules of Evidence at the time the opinion was issued:

"Although it seems unnecessary to restate the rule's plain language, experience shows that we cannot over-emphasize the central principle for which this rule stands, which is a negative one: evidence of other acts is *not admissible* to prove propensity to engage in criminal activity. * * * This rule is, of course, simply a legislative enactment of long-established notions of fair play and due process, which forbid judging a person on the basis of innuendos arising from conduct which is irrelevant to the

---

**16.** Such a "the tie goes to the runner" approach is by no means unusual in the law. *See, e.g., United States v. Santos*, 553 U.S. 507,

128 S.Ct. 2020, 2025, 170 L.Ed.2d 912 (2008) ("Under a long line of our decisions, the tie must go to the defendant.").

charges for which he or she is presently standing trial, *i.e.,* against finding present guilt based on a 'bad character profile.' The general rule is thus *against* admissibility of 'other act' evidence." *Cortijo–Diaz,* 875 F.2d at 15 (emphasis in original).

In conclusion, I would have refrained from engaging in a lengthy analysis of Rule 404(b)—because such discussion is completely unnecessary to the decision of that evidentiary issue in this case. However, since the majority has deemed such a discussion to be desirable, it is my view that we should continue to adhere to this Court's historic preference in favor of a narrow interpretation of Rule 404(b). Having said that, I am nonetheless pleased to concur in the result reached by the Court with respect to the Rule 404(b) issue in this case, and I concur unreservedly in the Court's analysis and discussion concerning the denial of the motion for judgment of acquittal and concerning the denial of the defendant's motion for a new trial.