OPINION
Justice GOLDBERG,
for the Court.
This case came before the Supreme Court on February 4, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendant, Raymond A. Peltier (defendant or Peltier), appeals from a judgment of conviction after a jury trial of one count of simple domestic assault. The trial justice subsequently denied the defendant’s motion for a new trial and sentenced Pel-tier to one year’s probation. Before this Court, the defendant argues that the trial justice erred when he allowed into evidence the fact that Peltier resisted arrest in this case, a complaint to which the defendant had entered a plea of nolo conten-dere immediately before the start of trial. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time. We affirm the judgment of conviction entered by the Superior Court..
Facts and Travel
A criminal complaint was filed against Peltier on September 19, 2012. After a bench trial in. District Court, defendant was found guilty of one count of simple domestic assault and one count of resisting arrest. The defendant appealed these convictions to the Superior Court and exercised his right to a jury trial.
Prior to the commencement of the jury trial in Superior Court, Peltier entered a plea of nolo contendere to the complaint of resisting arrest. The trial justice continued the matter for sentencing after accepting the plea. During the course of the prosecutor’s opening statements, defense counsel objected and moved for a mistrial when the prosecutor referenced the resisting arrest. The defense counsel contended that this was evidence of other crimes, wrongs or acts by defendant that was irrelevant and inadmissible in accordance with Rule 404(b) of the Rhode Island Rules of Evidence. The trial justice overruled defense counsel’s objection and denied his motion for a mistrial. The record of this case discloses that defense counsel was notified of the state’s intention to introduce evidence that Peltier resisted arrest before defendant entered a plea of nolo contendere.
The state first called the complaining witness, Kelly Thurber (Thurber), to testify. Thurber recounted that she had known Peltier for almost twenty years and that he is her daughter’s father. Thurber testified that Peltier typically cared for *152 their daughter on Wednesdays. Thurber stated that on Tuesday, September 18, 2012, she attempted, without success, to call Peltier numerous times in order to finalize their plans for the next morning. Thurber testified that on the morning of Wednesday, September 19, 2012, when Peltier did not come to pick up them daughter, she first called defendant repeatedly and then drove to his home in West Warwick with the child. At approximately 8 a.m., Thurber and her daughter walked up a flight of stairs to Peltier’s second-floor apartment, and Thurber began knocking on the window and door. After about five minutes, Peltier answered the door. Almost immediately, a verbal spat ensued. According to Thurber, when she extended her hand to separate herself from Peltier, she was pushed back by defendant and fell down a few stairs. Peltier then began to punch her and kick her. Once Peltier saw that his twenty-month-old daughter was crying and throwing herself on the floor, he abandoned Thurber and took the child inside his apartment. Thurber then called 9-1-1. Officer Joshua D. Kennedy (Officer Kennedy) of the West Warwick Police Department arrived at the location, and Thurber recounted the events to him.
The second, and final, witness was Officer Kennedy. Officer Kennedy testified that at 8:16 a.m. on September 19, 2012, he was dispatched to defendant’s apartment for a domestic disturbance. Upon arriving at the scene, Officer Kennedy encountered a visibly upset Thurber standing in the driveway. Officer Kennedy called for backup when he learned that the child was inside with Peltier. Moments later three other officers arrived. Officer Kennedy testified that he made contact with defendant and told him to “calm down because he was pacing throughout inside the house.” Defense counsel interposed an objection on the same grounds raised during the state’s opening statement — that the testimony regarding the facts surrounding the charge of resisting arrest was inadmissible under Rule 404(b). The objection was overruled by the trial justice. Thereafter, Officer Kennedy testified that Peltier was not listening to the officers’ instructions and was breathing and sweating heavily. Peltier was then advised that he was being placed under arrest for domestic simple assault and domestic disorderly conduct. Officer Kennedy instructed Peltier to place his hands behind his back, but Peltier did not comply. As the officers began to place Peltier in handcuffs, he actively resisted and tried to pull the officers to the ground. Peltier continued his resistance as the officers walked him down the stairs, and at one point he pulled all four officers against an adjoining building — causing one officer to fall down.
Throughout Officer Kennedy’s testimony, defense counsel continuously objected to the line of questioning detailing the circumstances of Peltier’s arrest, and he eventually moved to pass the case. After hearing argument, outside the presence of the jury, the trial justice denied defense counsel’s motion, but did grant him a continuing objection to that line of questioning. Additionally, after Officer Kennedy concluded testifying, the trial justice gave the following instruction to the jury:
“[T]o the extent that you’ve heard testimony that on the morning in question relating to Mr. Peltier’s, the defendant’s, alleged misconduct during the attempt by the West Warwick Police to investigate the complaint by Miss Thurber and to effectuate an arrest, that conduct, of course, goes beyond the charge for which Mr. Peltier is on trial here, which is, of course, simple assault, domestic in nature. I’m instructing you that that evidence, the evidence of the alleged *153 misconduct during the investigation and effectuating of the arrest should be considered by you only to the extent that it may bear on the defendant, Mr. Pel-tier’sf,] state of mind at the time of the offense to which he’s on trial and not for any other purpose. It is not admitted for purposes of proving the kind of person that Mr. Peltier is or bearing on his character.”
The state rested, and the defense opted not to present any witnesses. During closing arguments, attorneys for both the state and defendant referenced, the fact that Peltier had resisted arrest.[1] When the prosecutor suggested that Peltier’s “demeanor [was not that] of an innocent man[,]” defense counsel moved for a mistrial based on the same grounds that he had previously argued. The trial justice denied the motion.[2] Peltier was found guilty of simple domestic assault.
On July 22, 2013, defendant’s motion for a new trial was denied by the trial justice. Defense counsel indicated that one of the bases of the motion was the fact that the circumstances of his conduct in resisting arrest came before the jury and that he was “incorporating into my argument the arguments I made throughout the trial.” In response, the trial justice informed defense counsel that “the [cjourt incorporates the rulings I made throughout the trial on those issues.” The trial justice then sentenced Peltier to one year of probation and required him to participate in the batterer’s intervention program and substance-abuse counseling and complete forty hours of community service.[3] The defendant timely appealed.
Standard of Review
“In reviewing the admission or exclusion of evidence, it is well settled that ‘[t]he admissibility of evidence is within the sound discretion of the trial justice, and this Court will not interfere with the trial justice’s decision unless a clear abuse of discretion is apparent.’ ” State v. Clay, 79 A.3d 832, 838 (R.I.2013) (quoting State v. Rios, 996 A.2d 635, 638 (R.I.2010)). When performing this abuse of discretion analysis in the context of Rule 404(b), this Court first looks to the scope of allowable proof under the rule. See Clay, 79 A.3d at 838. “Rule 404(b) states that ‘[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith.’ ” Clay, 79 A.3d at 838 (quoting Rule 404(b)). Conversely, if the evidence is offered “for other purposes, such *154 as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident,” it is admissible. Rule 404(b). “This Court has stated that ‘[t]he admissibility of evidence is within the sound discretion of the trial justice, and this Court will not interfere with the trial justice’s decision unless a clear abuse of discretion is apparent.’ ” State v. Gautier, 950 A.2d 400, 411 (R.I.2008) (quoting State v. Brown, 900 A.2d 1155, 1159 (R.I.2006)). “In reviewing a trial justice’s admission of Rule 404(b) evidence, this Court is ‘disinclined to perceive an abuse of discretion so long as the record contains some grounds for supporting the trial justice’s decision * * *.’ ” Clay, 79 A.3d at 838 (quoting State v. Ciresi, 45 A.3d 1201, 1211 (R.I.2012)).
Additionally, “[e]vidence that may otherwise be admissible under Rule 404(b) is still subject to the Rule 403 [of the. Rhode Island Rules of Evidence] balancing test, which excludes otherwise relevant evidence ‘if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury * * *.’ ” Clay, 79 A.3d at 838. This is because “Rule 403 cuts across the rules of evidence and is always a consideration in a trial justice’s ruling on the admissibility of Rule 404(b) evidence.” State v. Rodriguez, 996 A.2d 145, 152 (R.I.2010) (quoting State v. Gaspar, 982 A.2d 140, 148 (R.I.2009)).
Analysis
On appeal, defendant’s assignment of error solely relates to the admission of testimony and argument regarding the resisting-arrest charge to which defendant' entered a plea of nolo contendere prior to the commencement of trial. The defen-' dant argues that, because the assault on Thurber was completed at the time he resisted arrest, that evidence had no bearing on defendant’s state of mind when the alleged assault occurred; he further argues that the • two crimes were not so interwoven as to lead to the admissibility of evidence surrounding his arrest. Accordingly, defendant asserts that it was an abuse of discretion for the trial justice to allow introduction of facts relating to the resisting-arrest charge and that this error warrants a new trial.
Specifically, defendant argues that because the conduct in this case occurred after the alleged crime—as opposed to being evidence of a defendant’s prior conduct—it does not bear on. the accused’s “motive, opportunity, intent, plan, common scheme, knowledge, identity or absence of mistake” when committing the charged offense. However, “we have treated the list contained within the second sentence of Rule 404(b) as examples, rather than a complete enumeration, of permitted purposes.” Rodriguez, 996 A.2d at 150.
Evidence of prior acts is admissible when the “prior acts are interwoven or in instances when introduction is necessary for a trier of fact to hear a complete and, it is to be hoped, coherent story so as to make an accurate determination of guilt or innocence.” Clay, 79 A.3d at 838 (quoting Rodriguez, 996 A.2d at 150-51); see also State v. Colangelo, 55 R.I. 170, 173-74, 179 A. 147, 149 (1935) (“[Evidence of other acts * * * may be received when they are interwoven with the offense for which the defendant is being tried * * *.”). In this case, the record discloses that from the time Thurber arrived at defendant’s apartment until the time of his arrest, less than thirty minutes had elapsed. In State v. St. Jean, 554 A.2d 206, 209 (R.I.1989), this Court held that evidence of acts which occurred twenty-three minutes before an alleged crime was admissible because it “demonstrate[d] that [the defendant] was in a particular frame of mind.” See also *155 State v. Morey, 722 A.2d 1185, 1189 (R.I.1999) (“Because the uncharged acts were related so closely in both time and place to the charged acts * * * committed by the defendant and were so intricately interwoven with the charged acts, their admission was proper.” citing State v. Gomes, 690 A.2d 310, 316 (R.I.1997); State v. Jalette, 119 R.I. 614, 627-28, 382 A.2d 526, 533-34 (1978)); and United States v. Wright, 392 F.3d 1269, 1276 (11th Cir.2004) (“[EJvidence of [defendant’s resistance to arrest] prior to the discovery of the firearm gives the jury the body of the story, not just the ending. Such evidence was ‘inextricably intertwined’ with the charged offense.”). Simply because the challenged testimony occurred moments after Peltier assaulted Thurber does not change the fact that the acts were related “closely in both time and place” and were “intricately interwoven” with the crime on trial. See Morey, 722 A.2d at 1189.
Furthermore, this Court declared admissible evidence that is “related to the defendant’s consciousness of guilt with respect to the crime charged.” State v. Graham, 941 A.2d 848, 861 (R.I.2008). In fact, consciousness of guilt is incorporated within the term “state of mind.” State v. Santos, 122 R.I. 799, 821, 413 A.2d 58, 70 (1980) (“This statement clearly manifests [the] defendant’s consciousness of guilt, which is incorporated within the term ‘state of mind.”’ (emphasis added)). “[W]e have held that activities inconsistent with the defendant’s claim of innocence, such as flight, constitute circumstances bearing on the question of guilt.” State v. Acquisto, 463 A.2d 122, 129 (R.I.1983) (concluding that threatening a witness had “independent relevance to prove a circumstance indicating consciousness of guilt on the part of the defendant causing] it to be admissible in evidence”). We are satisfied that evidence that defendant resisted arrest likewise is indicative of his consciousness of guilt and is therefore admissible as evidence of an accused’s state of mind.
Although this Court has not had the occasion to address whether evidence of resisting arrest is indicative of consciousness of guilt, other state supreme courts have dealt with the issue. In State v. Williams, 190 N.J. 114, 919 A.2d 90 (2007), the defendant was charged with reckless manslaughter in connection with a shooting death. Id. at 91. The prosecution sought to introduce evidence of the defendant’s post-shooting cover-up, specifically hindering apprehension, tampering with a witness, tampering with evidence, and fabricating physical evidence. Id. at 91-92. The defendant previously had been convicted of these charges in an earlier jury trial that had resulted in a mistrial on the count of reckless manslaughter. Id. The defendant argued that any post-shooting conduct would be irrelevant to the subsequent retrial on the singular charge of reckless manslaughter. Id. at 92. The New Jersey Supreme Court disagreed and concluded that conduct that occurs after the charged offense can circumstantially support inferences about the defendant’s consciousness of guilt. Id. at 96. Thus, the court determined that the defendant’s post-shooting conduct was admissible to demonstrate his consciousness of guilt. Id. at 96-97 (citing 2 John H. Wigmore, Evidence in Trials at Common Law, § 276 at 122 (Chadbourn rev. 1979)); see also State v. Palmer, 962 A.2d 758, 769 (R.I.2009) (“It is universally conceded today that the fact of an accused’s flight * * *, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.” quoting 2 Wigmore, § 276 at 122 (emphasis added)); People v. Sustak, 15 Ill.2d 115, 153 N.E.2d 849, 854 (1958) (concluding *156 that evidence of resisting arrest was properly admitted as probative of guilt).
In the case before this Court, the responding officers initially were met with a distraught victim in the driveway of defendant’s apartment. The defendant was inside the apartment with his twenty-month-old daughter. When the officers first made contact with defendant, they were confronted with an agitated individual. When they attempted to effectuate an arrest, defendant actively and continuously struggled to thwart their attempts and resist arrest. The defendant continued his behavior even as the officers were escorting him down the stairs of his apartment building. This behavior is indicative of defendant’s consciousness of guilt. See Palmer, 962 A.2d at 769. The fact that resisting arrest is an independent criminal act does not negate the relevance of defendant’s action with respect to his state of mind at the time of the assault.
As we said in Acquisto, “a defendant has no right to be insulated from relevant truths ‘even if such truths might lead the jury to draw less favorable inferences concerning [the] defendant than if they were not exposed.’ ” Acquisto, 463 A.2d at 129 (quoting State v. Cline, 122 R.I. 297, 331, 405 A.2d 1192, 1210 (1979)). Additionally, “[t]he defendant is not entitled to a sanitized version of the state’s evidence against him [or her] * * State v. Pona, 66 A.3d 454, 468 (R.I.2013). The defendant’s plea of nolo contendere to the charge of resisting arrest does not insulate him from conduct that is inextricably linked to the crime on trial. Criminal conduct need not be compartmentalized into separate categories; nor can a defendant choose which category can be excluded from trial by strategically entering a plea before trial. See State v. Clark, 974 A.2d 558, 579 (R.I.2009) (“A criminal trial is a search for the truth; it is not a game of chess.” quoting State v. Oster, 922 A.2d 151, 163 (R.I.2007)). The defendant’s conduct in resisting arrest was relevant both because it was interwoven with the charged offense and because it was probative of defendant’s earlier state of mind. The jury could logically infer from such evidence that defendant’s conduct in resisting arrest was indicative of his consciousness of guilt. Allowing a defendant to preclude this relevant evidence by entering a plea of nolo contendere would be tantamount to allowing a defendant to sanitize the evidence that the state may present to á jury. See State v. Marmolejos, 990 A.2d 848, 852 (R.I.2010) (declaring that the state has the right to present evidence establishing its case in chief).
The trial justice concluded that the evidence was admissible because it was interwoven with the charged offense, offered the complete story, and was indicative of the defendant’s state of mind the morning of the offense. Additionally, the trial justice in this instance offered a cautionary instruction to the jury on the use of the testimony regarding the resisting arrest. “The Court presumes that members of the jury follow the trial justice’s instructions.” State v. Whitfield, 93 A.3d 1011, 1022 (R.I.2014) (citing State v. LaRoche, 683 A.2d 989, 1000 (R.I.1996)). It is our opinion that any prejudice to the defendant was cured by the comprehensive cautionary instruction issued by the trial justice, which was timely, appropriate, and a model of clarity.[4] For these reasons, we see no *157 abuse of discretion in the trial justice’s decision to admit evidence of the facts regarding the charge of resisting arrest.
Conclusion
For the foregoing reasons, we affirm the judgment of conviction of the Superior Court and return the papers thereto.

. Defense counsel posited to the jury that:
"Raymond Peltier resisted arrest. He did resist arrest. An innocent person may very well resist arrest when they are falsely accused of a crime. Is it right? No, it’s not right. Is it legal? It’s not legal. Does it mean he’s guilty of this? No. He is not guilty of assaulting her.”
Also, although Peltier did not testify at trial, defense counsel argued to the jury that defendant "resisted arrest because he was angry for being arrested for something he didn’t do.”

. Defense counsel also requested that another cautionary instruction be given. The trial justice declined to do so, stating: ”1 already gave them the instruction. I don’t want to insult their intelligence. I told them how to consider it.” Moreover, the trial justice instructed the jury during his charge that "remarks and statements or personal opinions expressed by counsel during the trial or during their opening statements and final arguments are not evidence and are not to be considered by you as evidence during your deliberations.” There was no objection to the jury charge.

.The defendant was also sentenced at this time for the charge of resisting arrest. He received an additional consecutive year of probation, also conditioned upon his engaging in the batterer's intervention program, substance-abuse counseling, and community service.

. In a passing reference, defendant contended that the evidence was admitted in violation of Rule 403 of the Rhode Island Rules of Evidence. We have consistently held that "[a] mere passing reference to an argument * * * without meaningful elaboration, will not suffice to merit appellate review.” State v. Day, 925 A.2d 962, 974 n. 19 (R.I.2007) (citing and *157 quoting Wilkinson v. State Crime Laboratory Commission, 788 A.2d 1129, 1131 n. 1 (R.I.2002) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.”)). Accordingly, defendant's contention that the trial justice admitted the evidence in violation of Rule 403 has not been sufficiently developed for review by this Court. See id.