Justice FLAHERTY,
dissenting.
I respectfully dissent from the opinion of the majority in this case. I do so because it is my opinion that the evidence that defendant resisted arrest was admitted in contravention of the provisions of Rules 404(b)[1] and 4032. of the Rhode Island Rules *160 of Evidence. For the reasons that follow, I would vacate the judgment of conviction and remand this case for a new trial.
Rule 404(b) Should Have Barred Admission
In my opinion, this case stretches, beyond its limits, the admittedly elastic characteristics of Rule 404(b). At trial, evidence of defendant’s resistance to arrest, which took place both after the alleged assault had occurred and after the complaining witness had left the scene, was admitted over defendant’s objection. The mere fact that defendant may have resisted the police’s efforts to arrest him fits neither into the illustrated examples that are delineated in Rule 404(b) nor the spirit of other permitted purposes. This evidence, I submit, is the classic type of evidence that Rule 404 deems inadmissible because it tends to shed light only on a defendant’s character or disposition. This evidence invited the jury to reach the forbidden inference: because defendant demonstrated aggressive tendencies towards the police, it is more likely he was aggressive towards the complaining witness as well and therefore guilty of assaulting her. This, in my opinion, is pure propensity evidence and it is exactly the type of evidence Rule 404 was promulgated to exclude.
In the majority’s opinion, the evidence of resisting arrest should be admitted because it tended to show a relevant fact, defendant’s state of mind, citing to State v. St. Jean, 554 A.2d 206, 208-09 (R.I.1989), and because it tended to tell the complete story, citing to State v. Colangelo, 55 R.I. 170, 173-74, 179 A. 147, 149 (1935), and others.[3] There can be no argument that this Court has not been entirely consistent on the question of whether Rule 404(b)’s list of acceptable “other purposes” is exhaustive or not. Compare State v. Garcia, 743 A.2d 1038, 1050 (R.I.2000) (noting the “general exclusionary rule of Rule 404(b)”), with State v. Rodriguez, 996 A.2d 145, 150 (R.I.2010) (“we have treated the list contained within the second sentence of Rule 404(b) as examples, rather than a complete enumeration, of permitted purposes”). However, there is no question that this Court has invariably allowed evidence of other crimes or bad acts when those acts are “interwoven with the charged offense,” and when it would “allow a trier of fact to hear a complete and, it is *161 to be hoped, coherent story so as to make an accurate determination of guilt or innocence.” State v. Gomes, 690 A.2d 310, 316 (R.I.1997).
In its opinion, the majority relies on St. Jean, 554 A.2d at 208. In that case, the trial justice approved the admission of evidence that, twenty-three minutes before an accident giving rise to a charge of reckless driving, an offense that has an element of mens rea, the defendant had been involved in a “‘tire squealing’ episode,” and had come within inches of striking another vehicle.[4] Id. The Court reasoned that the temporally proximate prior incident was relevant to the defendant’s state of mind with respect to the charge of reckless driving. Id. at 209. Although this Court has never said that it is only prior bad acts that are contemplated by Rule 404, the timing should be a consideration in the analysis of whether'evidence is relevant. In the matter before us, the fact that defendant may have resisted arrest after the alleged assault is, in my opinion, less probative of whether he was similarly agitated at the time of the alleged assault. As defense counsel argued to the trial justice, “[a]n innocent person who is falsely accused of a crime * * * sometimes resists arrest.”[5]
Further, I am not persuaded that the state needed the evidence of resisting arrest to tell a “complete and, it is to be hoped, coherent story” of the simple domestic assault. Gomes, 690 A.2d at 316. The defendant’s interaction with the police happened after the alleged assault, after the complaining witness retreated to the safety of her car in the driveway, after she called 9-1-1, and after defendant had reentered his apartment. The jury had the facts before it necessary to determine defendant’s guilt or innocence of simple assault, G.L.1956 § 11-5-3, without being informed that defendant had not cooperated with the arresting officers. At trial, the complaining witness testified, as did the responding officer who testified as to the “red marks” he saw on the complaining witness’s “arms and her face.” There was sufficient evidence before the jury and, even if Rule 404(b) is best described as an inclusive rule, “it is not all-inclusive.” United States v. Briley, 770 F.3d 267, 276 (4th Cir.2014) (holding that admission of evidence was error because “in this instance [the contested evidence] came too close to pure propensity evidence”).[6]
Indeed, it is instructive to see how the state made use of the contested evidence once it was determined to be admissible; in my opinion, it was argued that this evidence reflected on defendant’s character. In the prosecutor’s opening remarks he referred to the resistance to arrest and said that it would show that on the day of the incident “[the police] met with a corn- *162 bative person,” and, in his closing argument, the prosecutor reiterated that this conduct showed defendant lacked the “demeanor of an innocent man.” It is my opinion that these remarks were intended to cast light on defendant’s character. Because this is prohibited by Rule 404, the evidence should not have been admitted.
Alternatively, Rule 403 Should Have Barred the, Evidence
In a case where there was only one witness to the alleged assault, the complaining witness, it is my opinion that this evidence was enormously prejudicial and should not have been admitted under Rule 403. It is axiomatic that “Rule 403 cuts across the rules of evidence and is always a consideration in a trial justice’s ruling on the admissibility of Rule 404(b) evidence.” State v. Mlyniec, 15 A.3d 983, 997 (R.I.2011) (quoting State v. Gaspar, 982 A.2d 140, 148 (R.I.2009)). Here, despite defendant’s explicit and repeated arguments that Rule 403 barred any evidence of resisting arrest, there is nothing on the record that would support any conclusion that the trial justice performed a Rule 403 balancing test. Because we have consistently maintained that Rule 403 is implicated in a Rule 404(b) determination, it is my opinion that the failure to perform that analysis, in and of itself, is fatal.[7] See Mlyniec, 15 A.3d at 997.
It is my further opinion that,' had the analysis been completed, Rule 403 nonetheless should have barred the admission of the contested evidence. Clearly, this is not an easy burden to meet. We have said that it is only “when evidence is marginally relevant and enormously prejudicial that a trial justice must exclude it.” State v. Pona, 948 A.2d 941, 950 (R.I.2008) (citing State v. Silvia, 898 A.2d 707, 717 (R.I.2006)). However, we have held such evidence to be inadmissible when “its utility was clearly outweighed by the danger that it would confuse, mislead, and unfairly prejudice the jury.” Gaspar, 982 A.2d at 149. In Gaspar, we found that evidence of prior consensual sexual encounters had little bearing on an alleged sexual assault and it “was very likely to confuse the jury and invite an emotional response.” Id. Here, the defendant’s resistance to arrest cast very little light on whether he had earlier assaulted the complaining witness. Instead, in my view, it encouraged the jury to make an emotional response, to associate the defendant with violent behaviors, and to agree with the state’s characterization of the defendant as a “combative person” who lacked the “demeanor of an innocent man.” In a ease that featured limited testimony and very little physical evidence, the fact that the defendant may have been violent during the process of his arrest was, in my opinion, enormously prejudicial.
For the reasons set forth above, I respectfully dissent from the majority opinion of this Court.

. Rule 404(a) of the Rhode Island Rules of Evidence stands for the general proposition that "[ejvidence of a person’s character or a trait of the person’s character is not admissible for the purpose of proving that he or she acted in conformity therewith on a particular occasion * * Rule 404(b) sets forth:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person *160 acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable.”

 Rule 403 of the Rhode Island Rules of Evidence states in full:
"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.”

. The majority's opinion equates the term "state of mind,” with "consciousness of guilt,” to justify the admissibility of defendant's alleged resistance to arrest. To support this, the majority cites cases, whose facts I believe are far removed from this case: State v. Williams, 190 N.J. 114, 919 A.2d 90, 92-93 (2007) (after a homicide, the defendant attempted to make the scene appear to be a suicide and instructed witnesses to lie to police); and People v. Sustak, 15 Ill.2d 115, 153 N.E.2d 849, 854 (1958) (the defendant fled police and entered a tavern where he drew a weapon and wounded a responding officer). Both of these cases involved intricate post-crime conduct that was deemed admissible under the guise of “consciousness of guilt.” While I need not agree or disagree with those holdings, it is my opinion their applicability to this case is marginal. Further, I agree with Justice Robinson's separate opinion that this issue was not part of the trial record.

. Mens rea, Latin for "guilty mind,” is "[t]he state of mind that the prosecution, to secure a conviction, must prove that a defendant had when committing a crime * * Black’s Law Dictionary 1134 (10th ed. 2014).

. The trial justice went on to reply, "[i]f that’s the case, maybe that’s an explanation that can be offered by the defense.” Defense counsel then correctly stated that "the defense shouldn't have to. [offer an explanation]”; however, once the evidence was admitted he felt obligated to address it. In closing argument defense counsel said, ”[a]n innocent person may very well resist arrest when they are falsely accused of a crime.”

.The majority cites United States v. Wright, 392 F.3d 1269, 1276 (11th Cir.2004), but I do not believe that case supports its opinion. The defendant's resistance to arrest is not a key piece of evidence that "gives the jury the body of the story,” it is instead the opposite; as Wright advises, it is "just the ending.” Id. (holding admission of contested evidence appropriate because it was not simply the end of the story but "inextricably intertwined”).

. I disagree with the majority’s characterization that defendant did not properly develop his Rule 403 argument. From the record, it is clear that Rule 403 was raised and argued before the trial justice. Even though defendant's written argument on Rule 403 before this Court was sparse, it was raised in his Rule 12A statement. See Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. Because the analysis of Rule 404(b) evidence is always bifurcated with Rule 403 considerations, I believe that it was sufficiently raised to this Court.